JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUN ZHAO and ZIJIAN WU, individuals,<br><br>Plaintiffs,<br><br>-against-<br><br>EXTREMELY BRIGHT INTERNATIONAL INVESTMENT LIMITED, a British Virgin Islands limited company, and WEI ZHENG, an individual,<br><br>Defendants. | 18 CV 8257<br><br>Case No:<br><br>COMPLAINT |

Plaintiffs YUN ZHAO and ZIJIAN WU (the "Plaintiffs"), by and through their attorneys, CKR Law LLP, as and for their complaint against defendants EXTREMELY BRIGHT INTERNATIONAL INVESTMENT LIMITED ("EBIIL"), and WEI ZHENG, ("Zheng," and together with EBIIL, the "Defendants") allege as follows:

1. Plaintiffs in this action entered into an agreement with Defendants Zheng and EBIIL for the purchase and sale of a controlling equity interest of SSLJ.com Limited, a Cayman Islands limited company listed on the NASDAQ Stock Market ("NASDAQ")(SSLJ.com Limited, along with its affiliates are referred to herein as "SSLJ" or the "Company"). EBIIL is Zheng's wholly-owned holding company through which he owns and controls almost seventy percent of the issued and outstanding Class B shares of the Company.

2. In connection with the parties' agreement, Zheng agreed to sell to Plaintiffs his entire stake of Class B shares in exchange for a cash payment and a loan to the Company. Zheng promised the following to Plaintiffs in exchange for their agreement to purchase his shares: (i) delivery of the Class B shares to Plaintiffs, (ii) application of the cash portion of the purchase price to employee salaries and operating expenses, (iii) representation of

Plaintiffs on the Board of Directors, and (iv) delivery to Plaintiffs collateral to secure the loan portion of the purchase price.

3. In reliance on these promises, Plaintiffs executed a Letter of Intent (the "LOI"), which included a binding provision providing to Plaintiffs with the exclusive rights to purchase Zheng's equity in the Company. Zheng executed a counterpart through a power-of-attorney executed in Queens County, New York.

4. In reliance on Zheng's promises and his execution of the LOI, in and around August 28 through September 10, 2018, Plaintiffs advanced approximately RMB$7,100,000 in funds (approximately USD$1,035,000) either directly or through an affiliate of the Plaintiffs.

5. Yet, Plaintiffs have now learned that these funds have not been applied to the operating expenses of the Company and that, acting through their agents and instrumentalities, New York attorney Huan Lou and the law firm Sichenzia Ross Ference LLP ("Sichenzia"), Zheng and EBIIL had issued instructions to Securities Transfer Corporation ("STC"), the Company's transfer agent, effectively blocking any transfer of the shares in accordance with the terms of the purchase and sale agreement with Plaintiffs.

6. Now Plaintiffs have learned that on or about September 4, 2018, Zheng and EBIIL, acting through their instrumentalities, Lou and Sichenzia, requested from STC documents for the purpose of transferring Zheng's Class B shares to a trust of unknown name and jurisdiction.

7. The foregoing demonstrates that despite making promises of future performance to Plaintiffs in connection with the purchase and sale of the Class B shares, Zheng and EBIIL secretly intended to not perform any of the promises. Zheng and EBIIL's undisclosed

intention to not perform constitutes a violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

8. In this action, Plaintiffs seeks monetary and declaratory relief against Defendants and injunctive relief against Defendants which is necessary to render any monetary award in favor of Plaintiffs not ineffectual.

## THE PARTIES

9. Plaintiff Yun Zhao is an individual who resides in the People's Republic of China (the "PRC").

10. Plaintiff Zijian Wu is an individual who resides in the PRC.

11. Upon information and belief, defendant EBIIL is a limited company organized and existing under the laws of the British Virgin Islands. Upon information and belief, EBIIL is wholly owned by Wei Zheng. Upon information and belief, the sole asset of EBIIL is approximately seventy percent (70%) of the issued and outstanding Class B shares of SSLJ stock.

12. Upon information and belief, defendant Wei Zheng is an individual who maintains a residence at 130-32 60th Avenue, Flushing, NY 11367.

## NON-PARTY AGENTS AND INSTRUMENTALITIES
## OF THE DEFENDANTS

13. Upon information and belief, defendant Huan Lou is an individual who is licensed to practice law in the State of New York. Upon information and belief, Ms. Lou practices law out of an office located at 1185 Avenue of the Americas, New York, NY 10036.

14. Upon information and belief, defendant Sichenzia is a registered limited liability partnership organized and existing under the laws of the State of New York. Upon

information and belief, Sichenzia maintains its primary offices at 1185 Avenue of the Americas, New York, NY 10036.

15. Upon information and belief, Ms. Lou and Sichenzia have agreed to act as attorneys for Defendants EBIIL and Zheng. In their capacities as attorneys for Defendants, Ms. Lou and Sichenzia have acted as the agents and instrumentalities by which Defendants have purported to issue to non-party STC instructions concerning the control and disposition of the Class B shares owned by EBIIL and controlled by Zheng. The basis for Plaintiffs' allegations concerning the role of Lou and Sichenzia and agents and instrumentalities of Defendants are copies of emails and attachments between Lou and Sichenzia, representatives of STC, and the Company's Cayman counsel, in which Lou conveyed to STC instructions on behalf of Zheng and requested documents in connection with a transfer of Zheng's Class B shares to a trust of unknown name and jurisdiction.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the common law claims asserted in this action.

17. Venue is proper in this district in accordance with 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

18. Venue is also proper in this district pursuant to 15 U.S.C. § 77v.

19. Personal jurisdiction over WEI ZHENG is proper here pursuant to New York CPLR § 301 because, upon information and belief, Mr. Zheng maintains a residence located in Queens County, New York.

20. Personal jurisdiction over EBIIL is proper here pursuant to New York CPLR § 301 because, upon information and belief, EBIIL is the alter ego of Mr. Zheng, who maintains a residence in Queens County, New York. Personal jurisdiction over EBIIL is also proper here pursuant to New York CPLR §§ 302(a)(1), (a)(2), and/or (a)(3) because, upon information and belief, EBIIL committed, through its agents and/or instrumentalities, Mr. Zheng, Ms. Lou, and/or Sichenzia, the unlawful acts complained of herein.

## FACTUAL BACKGROUND

21. The website "sslj.com" is a home improvement website that is very popular with consumers in the PRC. The sslj.com website is owned and operated by Shengshi Leju (Wuhan) Technology Holdings Co., Ltd., a limited company of the PRC. Shengshi Leju (Wuhan) Technology Holdings Co., Ltd. is an operating company and controlled via contractual arrangements by SSLJ.com Limited, a Cayman Islands limited company. The Class A shares of SSLJ.com Limited are listed on the Nasdaq Stock Market ("NASDAQ") under the trading symbol "SSLJ" (for purposes of this Complaint, SSLJ.com Limited and its affiliates are referred to as "SSLJ" or the "Company").

22. Plaintiffs first learned of SSLJ in or around February 2018, when the Company became listed on NASDAQ. At that time, Mr. Zheng was the Chairman and CEO of SSLJ. Mr. Zheng was also the majority shareholder of SSLJ by way of his ownership of 28,438,640 shares of Class B stock. Although Plaintiffs took no action respecting SSLJ at that time, they continued to follow the Company. Upon information and belief, Mr. Zheng continues to be the majority shareholder of SSLJ.

23. SSLJ's business is unique not only in its popularity but also with respect to its business model. More specifically, SSLJ allows PRC customers to shop and plan home improvements online and also arrange for delivery and installation.

24. In and around July and August 2018, Plaintiffs learned that Mr. Zheng had stepped down from his roles as Chairman and CEO. Plaintiffs, through an investment advisor, contacted the Company to express their interest in the purchase and sale of Mr. Zheng's shares of the Company.

25. Mr. Zheng owned, through EBIIL, approximately 28,438,640 shares of Class B stock of the Company. This quantity of shares represents nearly seventy percent (70%) of the issued and outstanding shares of SSLJ Class B stock. Each share of Class B stock is entitled to ten votes whereas each share of Class A stock is entitled to one vote. Thus, subject to the limitations of the corporate documents and listing rules of NASDAQ, Mr. Zheng, by way of his Class B shareholdings, holds a controlling interest in the Company.

26. Mr. Zheng's representatives conveyed to Plaintiffs specific terms required by Mr. Zheng. First, Mr. Zheng demanded that the purchase price be paid directly to the Company, instead of to him personally. In response to inquiries from Plaintiffs, Mr. Zheng's representatives disclosed that he had undertaken certain obligations personally in connection with the listing of the Company. Mr. Zheng desired to make the purchase price payable to the Company in order to discharge his personal obligations.

27. Second, Mr. Zheng requested that the deal be structured so as to include a cash payment of approximately RMB$10,000,000 and also a loan of approximately RMB$25,000,000. Mr. Zheng, through his representatives, represented to the Plaintiffs that the cash proceeds of the deal would be used by the Company to pay employee salaries and other

operating expenses of the Company. Mr. Zheng, through his representatives, further represented that Plaintiffs would be provided with representation on the Board of Directors of the Company and satisfactory collateral sufficient to secure the loan.

28. During negotiations, the Plaintiffs, through their financial advisor, conveyed to Mr. Zheng that they would proceed with Mr. Zheng's terms only if Mr. Zheng agreed to grant to Plaintiffs an exclusive right to purchase Mr. Zheng's shares for a certain time period.

29. Ultimately, the parties memorialized the terms of the purchase and sale of Mr. Zheng's Class B shares in the LOI. Although some provisions of the LOI would be finalized in definitive agreements to be drafted by attorneys in the PRC and United States at a later date, the parties agreed that certain provisions of the LOI would be binding. The binding provisions of the LOI included the following: "Confidentiality," "Term," "Base Date," "Exclusivity," "Closing Conditions," and "Jurisdiction."

30. The binding "Exclusivity" provision of the LOI provided to Plaintiffs the exclusive right to acquire Mr. Zheng's equity in SSLJ. This provision was important to Plaintiffs because they expected to arrange cash payments in accordance with Mr. Zheng's terms and wanted to ensure they had the exclusive right to acquire Mr. Zheng's shares. No matter the share price of SSLJ on NASDAQ, Plaintiffs could not purchase a controlling stake of SSLJ by acquiring shares that are available on the NASDAQ exchange.

31. The binding "Jurisdiction" provision of the LOI provides that interpretation of the LOI shall be governed by PRC law and that all disputes concerning the binding provisions of the LOI shall be determined by the People's Court of the PRC.

32. Mr. Zheng disclosed, through his representatives and in the LOI, that he would execute the LOI through a power-of-attorney granted to Hanzhi Jin (the "POA"). Plaintiffs were provided with a copy of the POA for their review. In the POA, Mr. Zheng represented that he maintained a residence located in Queens County, New York.

33. On or about August 28, 2018, Plaintiffs executed the LOI. Mr. Jin executed a counterpart of the LOI as attorney-in-fact for Mr. Zheng.

34. In reliance on all of the foregoing and the representations of Mr. Zheng, Plaintiffs arranged for the payment, between August 28 and September 10, 2018, of approximately RMB$7,100,000 in accordance with the terms of the LOI. Upon information and belief, the foregoing amount would be valued at approximately USD$1,035,000 at this time.

35. However, Plaintiffs have now learned that the amounts they paid pursuant to their agreement were not applied to the employee and other operating expenses of the Company, as represented by Mr. Zheng. Mr. Zheng's promises to provide Plaintiffs' with representations on the Board of Directors have likewise gone unfulfilled.

36. Plaintiffs have also learned that Mr. Zheng has retained Defendants Huan Lou, Esq. and the Sichenzia firm in New York. Acting through Lou and Sichencia, Mr. Zheng has attempted to transfer his shares of SSLJ to a trust of unknown name and jurisdiction.

37. More specifically, by email dated September 4, 2018, Ms. Lou, writing from her Sichenzia email address, and upon information and belief from her office in New York, transmitted an email to STC, the transfer agent for the Company. In her September 4, 2018 email, Lou stated "I am sending this instruction on behalf of Mr. Wei Zheng, the majority shareholder of SSLJ. Should you have any questions, please call me. The instruction contains important information. . . ." Attached to Ms. Lou's email was a PDF entitled "Instructions,"

dated September 4, 2018, and signed by Mr. Zheng. This document stated "[EBIIL] hereby requests and instructs the transfer agent of SSLJ not to make any transfer of the [shares of SSLJ owned by EBIIL] unless the Beneficial Owner himself [*i.e.*, Mr. Zheng] consents to the transfer in writing with his signature."

38. By way of this email and attached instruction, Mr. Zheng was preventing Mr. Jin from being able to perform Mr. Zheng's obligations under the terms of the purchase and sale set forth in the LOI, as had been represented to the Plaintiffs. However, neither Mr. Zheng nor Ms. Lou notified Plaintiffs of these instructions to the transfer agent.

39. On September 6, 2018, Ms. Lou, again writing from her Sichenzia email address, requested from STC documents necessary to "put [Mr. Zheng's] shares in Extremely Bright to his trust. . . ."

40. Upon information and belief, such a transfer would render EBIIL insolvent thereby rendering any money judgment against EBIIL ineffectual and deprive Plaintiffs of any recourse with respect to their rights under the LOI.

41. Despite Zheng's and EBIIL's earlier promises to (i) deliver Class B shares to Plaintiffs, (ii) apply the cash portion of the purchase price to employee salaries and operating expenses, (iii) provide Plaintiffs with representation on the Board of Directors, and (iv) provide to Plaintiffs collateral to secure the loan portion of the purchase price, Zheng and EBIIL secretly intended to not perform any of the foregoing promises.

42. Had Plaintiffs known the truth about Zheng's and EBIIL's secret and undisclosed intent to not perform these promises, Plaintiffs would not have advanced the amounts they did.

43. Without injunctive relief, Defendants will be able to secrete the Class B shares controlled by Zheng and thereby render any money judgment against Zheng and/or EBIIL ineffectual.

## FIRST CAUSE OF ACTION
### Securities Fraud – Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### (as against all Defendants)

44. Plaintiffs repeat, restate and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth more fully herein at length.

45. As specifically stated above, Defendants Wei Zheng and EBIIL have carried out a plan, scheme, and course of conduct which was intended to and, did: (i) deceive Plaintiffs, as alleged herein; (ii) cause Plaintiffs to make payments of approximately RMB$7,100,000 for the purchase of a controlling interest of Class B SSLJ stock, which was never delivered, and (iii) to dissipate the shares to another entity. In furtherance of this unlawful scheme, plan, and course of conduct, Defendants Wei Zheng and EBIIL took the actions set forth herein.

46. As specifically stated above, Defendants Wei Zheng and EBIIL: (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the Plaintiffs, as purchasers of the Company's stock, in an effort to benefit Defendants Wei Zheng and EBIIL at the expense of Plaintiffs and the Company, in violation of §10(b) of the Exchange Act and Rule 10b-5. Defendants Zheng and EBIIL are sued either as primary participants in the wrongful and illegal conduct charged herein.

47. Defendants Zheng and EBIIL, individually and in concert, directly and indirectly, by the use, means, or instrumentalities of interstate commerce and/or of the mail, engaged and participated in a continuous course of conduct to conceal their secret intent not to fulfill the promises they made to Plaintiffs and to otherwise scheme to defraud Plaintiffs.

48. At the time Mr. Zheng and EBIIL made the aforesaid misrepresentations and omissions regarding Zheng's and EBIIL's promises to deliver the Class B shares, apply sale proceeds to employee salaries and other operating expenses, provide Plaintiffs with representations on the Board of Directors, and provide collateral to Plaintiffs to secure the loan portion of the purchase and sale agreement, Plaintiffs were ignorant of their falsity and reasonably believed them to be true. Had Plaintiffs known the truth regarding the foregoing, which was not disclosed by Defendants Zheng and EBIIL, Plaintiffs would not have agreed to proceed with the purchase and sale of the Class B shares and would not have made the payments towards the purchase of SSLJ stock.

49. By virtue of the foregoing, the Defendants Zheng and EBIIL have violated §10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50. As a direct and proximate result of Defendants Zheng and EBIIL's wrongful conduct, Plaintiffs suffered damages in connection with their making payments for the purchase of the Company's stock.

51. Upon information and belief, Zheng is now facing criminal prosecution in the PRC.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment**
**(as against all Defendants)**

52. Plaintiffs repeat, restate and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth more fully herein at length.

53. Plaintiffs entered into an enforceable contract whereby Defendant EBIIL agreed to submit all disputes under the contract to the People's Court of the PRC.

54. Defendants' unlawful conduct within the United States seeks to frustrate Plaintiffs' rights to submit disputes concerning the LOI to the People's Court of the PRC and otherwise render Plaintiffs' rights under the enforceable provisions of the LOI.

55. Notwithstanding the binding jurisdiction clause in the LOI, this Court maintains subject matter jurisdiction over all claims arising under the securities laws of the United States.

56. By way of the foregoing, there exists a justiciable controversy as to the forum-selection clause in the contract.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (as against all Defendants)

57. Plaintiffs repeat, restate and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth more fully herein at length.

58. By way of the foregoing, one or more of the Defendants have been enriched by the, *inter alia*, the value of the funds advanced by Plaintiffs and their affiliate.

59. One or more of the Defendants have failed to compensate Plaintiffs for the benefit of the funds advanced by Plaintiffs and their affiliate.

60. It is contrary to equity and good conscience to allow Defendants to retain the benefit of the funds advanced by Plaintiffs and their affiliate.

61. By way of the foregoing, Plaintiffs are entitled to recovery of all amounts by which Defendants have been unjustly enriched.

WHEREFORE, Plaintiffs request that judgment be issued and entered against Defendants as follows:

(a) an award of treble damages as against Defendants, in an amount to be determined at trial;

(b) disgorgement of all proceeds obtained by way of Defendants' unlawful activities and/or unjust enrichment;

(c) an order permanently enjoining all Defendants from violating the securities laws with respect to the 28,438,640 shares of Class B stock of SSLJ.com Limited that are the subject of this action;

(d) a declaration that Defendants must submit all non-securities law claims arising under the LOI to the People's Court of the PRC while this Court maintains subject matter jurisdiction over all claims arising under the securities laws of the United States;

(e) an order imposing a constructive trust and/or temporary receivership over the 28,438,640 shares of Class B stock of SSLJ.com Limited that are the subject of this action;

(f) an award for costs and expenses, including attorney's fees; and

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 11, 2018

CKR LAW LLP

By: _____
Michael James Maloney
Rosanne E. Felicello
1330 Avenue of the Americas
14th Floor
New York, New York 10019
Tel. (212) 259-7300

*Attorneys for Plaintiffs Yun Zhao and Zijian Wu*