

AKRON | ATLANTA | BEIJING | BELIZE | BOSTON | BRAZIL | BRITISH VIRGIN ISLANDS
CANADA | CAPE TOWN | CLEVELAND | DJIBOUTI | DUBAI | GUANGZHOU | HARTFORD
HONG KONG | ISTANBUL | JERICHO | JOHANNESBURG | LONDON | LOS ANGELES | MIAMI
MEXICO CITY | MILAN | MOSCOW | NAPLES | NEW YORK | NYON | ORANGE COUNTY
ORLANDO | OSAKA | PANAMA CITY | PARIS | PHILADELPHIA | ROME | SAN DIEGO
SAN FRANCISCO | SEADOONE | SEATTLE | SEYCHELLES | SHANGHAI | ST. PETERSBURG
TEL AVIV | TOKYO | TRINIDAD AND TOBAGO | WASHINGTON, D.C | WILMINGTON
ckrlaw.com

Michael J. Maloney
Partner
mmaloney@ckrlaw.com
T +1.212.259.7300

January 25, 2019

*Via ECF*

The Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 219
New York, NY 10007

      Re:   *Yun Zhao, et al. v. Extremely Bright International Investment Ltd., et al.;* <u>Civil Action No. 18-cv-8257-AJN-SN</u>

Dear Judge Nathan:

    We write in response to this Court's January 11, 2019 Order, Dkt.40, (the "Order") directing our firm to submit an accounting of the services rendered in connection with our representation of Plaintiffs Yun Zhao and Zijian Wu (the "Plaintiffs") in the above referenced matter and the reasons for withdrawal.

    The accompanying Declaration of Rosanne Elena Felicello, dated January 25, 2019 (the "Felicello Decl."), sets forth an (i) accounting of the services rendered by CKR to Plaintiffs in connection with this matter; and (ii) a recitation of the amounts owed by Plaintiffs. We respectfully refer the Court to the Felicello Decl.

    CKR Law LLP ("CKR") is entitled to enforce a charging lien because our representation terminated upon consent, and there has been no discharge for cause, unjustified abandonment, nor misconduct by CKR. *See*, *e.g.*, *Melnick v. Press*, No. 06 Civ. 6686, 2009 WL 2824586, at *2 (E.D.N.Y. Aug. 28, 2009). As such, CKR is entitled to recover "the fair and reasonable value of the services rendered, determined at the time of the discharge and computed on the basis of quantum meruit." *Id*.

    When evaluating the fair and reasonable value of the services rendered, the Court should consider market rates for attorneys of similar qualifications and experience in the New York City market. *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) (the relevant community for determining rates is the "district in which the reviewing court sits"). Courts in this district have found "rates between $210 and $420 for associates and between $410 and $835 for partners" to be reasonable in the context of securities litigations. *In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517, 526 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v.*

The Hon. Alison J. Nathan
January 25, 2019
Page 2 of 2

*Olinski*, 673 F. App'x 87 (2d Cir. 2016). Here, this action was filed three years after the court's finding in *IndyMac* yet the rates charged by CKR are between $300 to $395 for associates and between $500 to $850 for partners.

    Based on the foregoing, CKR respectfully requests the Court enter an order fixing CKR's charging lien at $71,822.25.

Respectfully submitted,

*/s/ Rosanne E. Felicello*

Rosanne E. Felicello

cc:    All counsel of record (via ECF)